IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFREDO MESTRE, | ) | |
|     Plaintiff | ) | C.A. No. 13-302 Erie |
| | ) | |
| v | ) | **District Judge Hornak** |
| | ) | **Magistrate Judge Baxter** |
| MS. K.P. REISINGER, et al., | ) | |
|     Defendants | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [ECF No. 47] be granted in part and denied in part.

**II.     REPORT**

**A**.    **Relevant Procedural and Factual History**

On October 7, 2013, Plaintiff Alfredo Mestre, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint on August 7, 2014, which is the operative pleading in this case [ECF No. 33]. Named as Defendants are: K.P. Reisinger ("Reisinger"), Hearing Examiner at SCI-Forest; W.D. Cole ("Cole"), Deputy Superintendent for Centralized Services with the Pennsylvania Department of Corrections ("DOC"); P.A. Ennis ("Ennis"), Major at SCI-Forest; E.W. Tice ("Tice"), Deputy Superintendent at SCI-Forest; M. Overmyer ("Overmyer"), Superintendent at SCI-Forest; R.M. Lewis ("Lewis"), Chief Hearing Examiner at SCI-Forest; John Wetzel ("Wetzel"), Secretary of the DOC; Lt. Haggerty ("Haggerty"), a corrections officer

at SCI-Forest; Mr. Reynolds ("Reynolds"), Dietary Supervisor at SCI-Forest; and Mrs. Runkel ("Runkel"), Correctional Food Service Instructor at SCI-Forest.

Plaintiff claims that: (1) Defendant Runkel sexually assaulted and harassed him during a pat down search "in violation of Title VII of the Civil Rights Act of 1964 (sexual harassment section) and the Equal Employment Opportunities subsection 2000e," and then retaliated against him by issuing allegedly false misconducts against him after he filed a grievance against her; (2) Defendants Reynolds and Haggerty discriminated against him by allowing Defendant Runkel's actions without intervening; (3) Defendant Reisinger violated his due process rights by denying him the right to call witnesses at his disciplinary hearing; and (4) Defendants Tice, Cole, Ennis, Overmyer, and Lewis conspired to violate his equal protection and due process rights by denying his appeals of the disciplinary proceedings. As relief for his claims, Plaintiff seeks declaratory and injunctive relief and monetary damages.

On December 1, 2014, Defendants filed a motion to dismiss [ECF No. 47], arguing that Plaintiff has failed to establish the necessary personal involvement of Defendants Cole, Ennis, Tice, Reisinger, Lewis, Overmyer, and Wetzel, has failed to state a cognizable claim of retaliation, and has failed to state a claim upon which relief may be granted against Defendants Haggerty, Reynolds, and Runkel. Plaintiff has since filed a brief in opposition to Defendants' motion. [ECF No. 59]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the

sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

inferences where it is appropriate.

### C. Discussion

#### 1. Personal Involvement

Defendants argue that Plaintiff has failed to establish the personal involvement of Defendants Cole, Ennis, Tice, Reisinger, Lewis, Overmyer, and Wetzel in the alleged misconduct and, thus, Plaintiff's claims against said Defendants should be dismissed.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

Here, Plaintiff's claims against Defendants Cole, Ennis, and Tice are based solely upon their membership on the Program Review Committee ("PRC") that denied Plaintiff's appeal of Defendant Reisinger's disciplinary decision. (ECF No. 33, Plaintiff's Amended Complaint, at ¶¶ 32-34). Similarly, Plaintiff's claims against Defendants Overmyer and Lewis are based solely on their subsequent, successive denials of Plaintiff's appeals from the PRC's decision. (Id. at ¶¶ 35-

39). Such actions by these Defendants, standing alone, are insufficient to establish their personal involvement in the complained-of misconduct.

Furthermore, Plaintiff's related claim that Defendants Tice, Cole, Ennis, Overmyer, and Lewis "conspired with one another to deprive plaintiff the opportunity to properly defend himself against a fabricated misconduct" is equally without merit. In order to state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any persons or class of persons ... [of] the equal protection of the law; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States v. Ridgewood Bd. of Education v. N.E., 172 F.3d 238, 253-54 (3d Cir. 1999), quoting Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). Here, Plaintiff has failed to make any allegation that Defendants' alleged conspiracy was motivated by racial or class based animus sufficient to maintain a conspiracy claim under Section 1985. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (42 U.S.C. § 1985(3) prohibits conspiracies predicated upon "racial, or perhaps otherwise class-based, invidiously discriminatory animus"). Thus, Plaintiff claims against Defendants Cole, Ennis, Tice, Overmyer, and Lewis should be dismissed.

As for Defendant Wetzel, Plaintiff has merely named him as a Defendant in this case, but has failed to specify any allegations or claims against him. It is presumed that the only reason Defendant Wetzel is named is due to his supervisory authority as Secretary of the DOC; however, this is insufficient to establish his personal liability for the conduct alleged in this case. Accordingly, Defendant Wetzel should be terminated from this case.

The same cannot be said for Defendant Reisinger, however. Unlike the above-named

Defendants, Defendant Reisinger's personal involvement is directly implicated by Plaintiff's allegations that she denied him the right to call witnesses at his disciplinary hearing. Thus, Defendants' motion to dismiss Plaintiff's claims against Defendant Reisinger based upon her lack of personal involvement should be denied.

### 2. Due Process Claim v. Defendant Reisinger

Plaintiff alleges that, on July 17, 2013, he appeared before Defendant Reisinger for a misconduct hearing and noticed that none of the witnesses he requested was present, despite his prior filing of a witness form. (ECF No. 33, Amended Complaint, at ¶ 27). He alleges that he then asked Defendant Reisinger for a continuance of the hearing so that his witnesses could attend the continued hearing and offer testimony on his behalf, but she refused and ultimately found him guilty of the misconduct and sanctioned him to 30 days of cell restriction and the loss of his prison job. (Id. at ¶¶ 28-31). As a result, Plaintiff claims that Defendant Reisinger violated his procedural due process rights under the Fourteenth Amendment.

To establish a due process claim under the Fourteenth Amendment, Plaintiff must demonstrate (i) the existence of a constitutionally protected liberty or property interest; and (ii) constitutionally deficient procedures by the state in its deprivation of that interest. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). If there is no protected interest, there is no need to determine whether the alleged deprivation was without due process. Alvin v. Suzuki, 227 F.3d 101, 116 (3d Cir. 2000).

The Supreme Court has held that a prisoner's state created liberty interest is limited to those situations that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In Sandin, the

Supreme Court considered the question of whether segregated confinement implicated a constitutional liberty interest and concluded that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." 515 U.S. at 486. See also Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997) (placement of a prisoner in administrative custody for a period of 15 months did not impose atypical and significant hardship on prisoner and, thus, did not deprive due process rights). Moreover, Plaintiff does not have a cognizable liberty or property interest in his prison employment. Fidtler v. Pa. Dept. of Corrections, 55 Fed. App'x 33, 35 (3d Cir. 2002).

Thus, the fact that Plaintiff was guilty of a misconduct and sanctioned to 30 days of cell restriction and the loss of his prison job did not implicate a constitutional liberty interest under the Fourteenth Amendment. It follows, therefore, that Defendant Reisinger's alleged refusal to allow Plaintiff to call witnesses or present evidence at his misconduct hearing did not violate his due process rights, since Plaintiff did not have a liberty interest to protect. Sloan v. Pitkins, 2014 WL 4976511, at *5 (W.D.Pa. Sept. 2014); Rivers v. Horn, 2001 WL 312236 at *2 (E.D.Pa. Mar. 29, 2001). Accordingly, Plaintiff's due process claim against Defendant Reisinger should be dismissed.

### 3. Retaliation Claim v. Defendant Runkel

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523,

530 (3d Cir. 2003), quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

In order to state a prima facie case of retaliation, a prisoner must demonstrate:

1) the conduct in which he was engaged was constitutionally protected;

2) he suffered "adverse action" at the hands of prison officials;[1] and

3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002), quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Following the satisfaction of a prima facie case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if Plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158.

Plaintiff claims that Defendant Runkel retaliated against him in violation of his First Amendment rights by issuing false misconducts against him because he filed a grievance against her. Defendants seek to have this claim dismissed because Plaintiff's grievance was not filed until two days **after** Defendant Runkel issued a misconduct against Plaintiff. (ECF No. 48, Defendants' Brief, at p. 9). In particular, Defendants note that Plaintiff's grievance was not signed and dated by the Facility Grievance Coordinator until July 16, 2013, while Defendant Runkel issued her misconduct two days earlier, on July 14, 2013. Thus, Defendants' essentially argue that Plaintiff cannot meet the third prong of his retaliation claim.

Despite the facial appeal of this argument, Defendants acknowledge that Plaintiff's

---

[1] To show an "adverse action," the plaintiff must demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520,535 (E.D. Pa. June 24, 2002), quoting Allah v. Seiverling, 229 F.3d at 225. See also Dixon v. Brown, 38 F.3d 379, 379 (8th Cir. 1994) (a plaintiff "need not show a separate, independent injury as an element of the case ... because the

grievance was dated July 7, 2013, a week prior to Defendant Runkel's issuance of her misconduct. (Id.). Moreover, in his opposition brief, Plaintiff alleges that he took a copy of the grievance with him to his prison job on July 8 and 9, 2013, and showed it "to any and all inmates and staff members in the kitchen who wanted to see it." (ECF No. 59, Plaintiff's opposition brief, at p. 5). If this assertion is true, it is not beyond the realm of possibility that Defendant Runkel may have heard about the content of Plaintiff's grievance prior to her issuance of misconducts against Plaintiff. At the very least, Plaintiff should be allowed the opportunity to establish this element of his claim through discovery, as opposed to having his claim summarily dismissed at the pleading stage. As a result, Defendants' motion to dismiss Plaintiff's retaliation claim against Defendant Runkel should denied.

### 4. Sexual Harassment Claim

Plaintiff alleges that Defendant Runkel sexually assaulted and harassed him when she allegedly squeezed his genitals during a pat down search, "in violation of Title VII of the Civil Rights Act of 1964 (sexual harassment section) and the Equal Employment Opportunities Subsection 2000e, et seq." (ECF No. 33, Amended Complaint, at ¶43). Plaintiff alleges further that Defendants Reynolds and Haggerty allowed Defendant Runkel to sexually assault and harass him without intervening, in violation of the same federal statutes. (Id. at ¶ 44). However, neither of the statutes cited by Plaintiff is applicable to this case, as both govern conduct within the context of an employment relationship. Moreover, Plaintiff's claim does not rise to the level of a constitutional claim because "to prevail on a constitutional claim of sexual harassment, an inmate must … prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as

---

retaliatory disciplinary charge strikes at the heart of an inmate's constitutional right to seek redress of grievances,

a subjective matter, that the officer in question acted with a sufficiently culpable states of mind." Jones v. Luzerne County Correctional Facility, 2010 WL 3338835, at *8 (M.D.Pa. Aug. 23, 2010), quoting Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997). Consequently, Plaintiff's claims of sexual harassment against Defendants Runkel, Reynolds, and Haggerty should be dismissed.

### 5. Discrimination Claims

Finally, Plaintiff makes a number of allegations related to alleged discriminatory actions taken against him by Defendants Reynolds, Haggerty, and Reisinger. In particular, Plaintiff claims that Defendants Reynolds and Haggerty discriminated against him by allowing Defendant Runkel to sexually harass him and retaliate against him without intervening, and Defendant Reisinger discriminated against him by denying him the right to call witnesses at his misconduct hearing. Significantly, Plaintiff alleges that Defendants "all treated the plaintiff differently than they would have treated any other inmate in the same or similar situation." (ECF No. 33, Amended Complaint, at § 47). Thus, Plaintiff's discrimination claims are best construed as equal protection claims under the Fourteenth Amendment.

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike'" Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996), quoting City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "When a state policy does not adversely affect a suspect class or impinge upon a fundamental

---

[and] the injury to his right inheres in the retaliatory conduct itself.").

right, all that is constitutionally required of the state's program is that it be rationally related to a legitimate state object." Coakley v. Murphy, 884 F.2d 1218, 1222 (9th Cir. 1989), citing Massachusetts Bd. Of Retirement v. Murgia, 427 U.S. 307, 314 (1976).

Here, Plaintiff has not alleged that he is a member of a suspect class, as it is well settled that prison inmates are not a suspect class. Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001); See also Nicholas v. Tucker, 114 F.3d 17, 20 (2d Cir. 1997) (inmates are not suspect class so as to require more exacting scrutiny), cert. denied, 523 U.S. 1126 (1998); Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997); Zehner v. Trigg, 133 F.3d 459, 463 (7th Cir. 1997). Thus, Plaintiff is essentially invoking the "class of one" theory announced by the Supreme Court in Village of Willowbrook v. Olech, 528 U.S. 562 (2000).

According to the "class of one" theory, "a plaintiff must allege that (i) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006), citing Olech, 528 U.S. at 564. Here, Plaintiff has failed to allege the existence of similarly situated inmates who were, in fact, treated differently than he. He merely speculates that Defendants "would have treated any other inmate differently." This is insufficient to establish discriminatory conduct under the Equal Protection Clause. Thus, Plaintiff has failed to state a claim of equal protection upon which relief may be granted and the same should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [ECF No. 47] be granted in part and denied in part, as follows:

1. Defendants' motion to dismiss Plaintiff's retaliation claim against Defendant Runkel should be denied; and

2. Defendants' motion to dismiss all other claims should be granted.

As a result, all Defendants other than Defendant Runkel should be terminated from this case.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 11, 2015

cc: The Honorable Mark R. Hornak
United States District Judge