# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALFREDO MESTRE JR., )
    Plaintiff, )     C.A. No. 13-302 Erie
     )
    v. )
     )     **District Judge Hornak**
MS. K.P. REISINGER, et al., )     **Magistrate Judge Baxter**
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**

It is respectfully recommended that the motion for summary judgment filed by Defendant Runkel [ECF No. 89] be granted.

**II.**     **REPORT**

    **A.**   **Relevant Procedural and Factual History**

On October 7, 2013, Plaintiff Alfredo Mestre, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff subsequently filed an amended complaint on August 7, 2014, which is the operative pleading in this case. [ECF No. 33].

On December 1, 2014, Defendants filed a motion to dismiss for failure to state a claim [ECF No. 47]. On August 11, 2015, this Court issued a Report and Recommendation recommending that Defendants' motion be granted in part and denied in part [ECF No. 66],

---

[1] Plaintiff has since been released from custody and currently resides at 904 Washington Street, Fourth Floor Front, Reading, Pennsylvania 19601.

which was adopted by Memorandum Order of District Judge Mark R. Hornak, dated November 13, 2015 [ECF No. 72]. Accordingly, all of Plaintiff's claims were dismissed, except for a retaliation claim against Defendant Tiffany Runkel, the Correctional Food Service Instructor at SCI-Forest ("Runkel").

As to the remaining claim of retaliation, Plaintiff alleges that Defendant Runkel retaliated against Plaintiff for filing a grievance against her. Specifically, on July 7, 2013, Plaintiff filed a grievance against Defendant Runkel for an alleged improper pat down search. (ECF No. 27-1, ¶¶ 15-18; ECF No. 27-2, page 1-7). Thereafter, Defendant Runkel issued two misconduct reports against Plaintiff on July 9, 2013, and July 14, 2014, respectively, for a variety of infractions. (ECF No. 27-1, ¶¶ 19, 21; ECF No. 27-2). Plaintiff denied any wrongdoing and claims Defendant Runkel's misconduct reports were in retaliation for Plaintiff's grievance. (ECF No. 27-1, ¶¶ 20, 23, 26-30).

On August 2, 2016, Defendant Runkel moved for summary judgment, arguing that Plaintiff has failed to state a claim for retaliation. (ECF No. 89; ECF No. 90). This Court granted two extensions to allow Plaintiff to file a timely opposition brief. (ECF No. 96; ECF No. 98). At this time, Plaintiff has neither filed an opposition brief nor requested a third extension of time within which to do so. Therefore, pursuant to Local Rule 56, this Court will deem Defendant Runkel's motion for summary judgment, and its accompanying evidence, unopposed by Plaintiff. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion for Summary Judgment

Rule 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 258, 460-61 (3d Cir. 1989)(the non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories, and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. The non-moving party "must present more than just bare assertions, conclusory allegations, or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at *1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, however inartfully pleaded, "must be held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the

court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

It is well-settled that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-24 (3d Cir. 2000).

In order to state a *prima facie* case of retaliation, a prisoner plaintiff must show:

1) The conduct in which he was engaged was constitutionally protected;
2) He suffered "adverse action" at the hands of prison officials; and
3) His constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). It is plaintiff's burden to establish the three elements of a *prima facie* retaliation claim.

The filing of grievances or a lawsuit satisfies the constitutionally protected conduct prong of a retaliation claim. Rauser, 241 F.3d at 333; Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981).

To show the "adverse action" necessary to fulfill the second prong, the prisoner plaintiff must demonstrate that defendants' actions were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520, 535 (E.D. Pa. 2002) quoting Allah v. Seiverling, 229 F.3d at 225.

To satisfy the third prong of his retaliation claim, the plaintiff must show a causal connection between his constitutionally protected activity of filing complaints and grievances and the adverse action he allegedly suffered at the hands of the defendants. "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. v. DeFlaminis, 480 F.3d 259, 267-68 (3d Cir. 2007). "In the absence of that proof the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact should infer causation." Id. quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000). The Third Circuit has emphasized that courts must be diligent in enforcing these causation requirements Id.

Following the satisfaction of the initial burden, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. At this stage, "the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate

penological interest." Rauser, 241 F.3d at 334. The Third Circuit has specifically recognized "that the task of prison administration is difficult, and that courts should afford deference to decisions made by prison officials who possess the necessary expertise." Id.

At the motion to dismiss stage, Defendant Runkel argued that Plaintiff's retaliation claim must fail because Defendant Runkel could not have retaliated against Plaintiff for an action that she did not know existed. (ECF No. 48, page 9-10). Essentially, Defendant Runkel argued that the date in which she became aware of Plaintiff's grievance occurred after the date she issued the misconduct reports against Plaintiff. (Id.).

In its Report and Recommendation, this Court found:

> Despite the facial appeal of this argument, Defendants acknowledge that Plaintiff's grievance was dated July 7, 2013, a week prior to Defendant Runkel's issuance of his Misconduct. (ECF No. 48, page 9). Moreover, in his opposition brief, Plaintiff alleges that he took a copy of the grievance with him to his prison job on July 8 and 9, 2013, and showed it "to any and all inmates and staff members in the kitchen who wanted to see it." (ECF No. 59, Plaintiff's opposition brief, at p. 5). If this assertion is true, it is not beyond the realm of possibility that Defendant Runkel may have heard about the content of Plaintiff's grievance prior to her issuance of misconducts against Plaintiff.

(Id.). As such, the presiding Court allowed the claim to proceed beyond the pleading stage to allow Plaintiff to supplement and establish this element of his retaliation claim with evidence produced in discovery. (Id.).

Here, at the motion for summary judgement stage, Defendant Runkel has renewed the same argument supported by her own affidavit indicating that she did not have knowledge of Plaintiff's grievance prior to her issuing the misconduct reports. (ECF No. 92-3, Declaration of Tiffany Runkel). In her Declaration, Defendant Runkel does not dispute that Plaintiff submitted his grievance on July 7, 2013, or that she filed two misconduct reports against Plaintiff on July 9, 2013, and July 14, 2013. (ECF No. 90, page 4; ECF No. 92-3, ¶ 6). However, Defendant Runkel

declares that the misconduct reports she filed against Plaintiff were due to Plaintiff's failure to follow prison rules and not for retaliatory purposes. (ECF No. 91, ¶¶ 6-7). Defendant Runkel attests she did not have knowledge of Plaintiff's grievance until days after she issued the two misconduct reports. (ECF No. 92-3, ¶¶ 7-9). Without such knowledge, Defendant Runkel asserts that Plaintiff's grievance could not have been a motivating factor for her misconduct reports. (ECF No. 90, page 4).

As evidence, Defendant Runkel points to the time period in which SCI-Forest processed Plaintiff's grievance. (Id.). Specifically, Plaintiff's grievance was marked as received on July 16, 2013, and the grievance coordinator responded to Plaintiff's grievance on August 5, 2013. (ECF No. 92-1, page 3). From this evidence, Defendant Runkel declares that the earliest she would have known about Plaintiff's grievance would have been July 16, 2013. (ECF No. 91, ¶ 3). Thus, Defendant Runkel avers she cannot be held accountable for retaliation when she was unaware of Plaintiff's protected conduct. (ECF No. 90, page 4). As such, Defendant Runkel moves for summary judgment arguing that Plaintiff has failed to meet his burden of proving the third prong of his retaliation claim.

Because he has failed to file any opposition to Defendant Runkel's motion, Plaintiff has not provided any evidence that Defendant Runkel would have had knowledge of Plaintiff's grievance prior to the issuance of her misconduct reports. As such, there is no contradicting evidence that would raise material issues of fact with regard to this claim. Therefore, Defendant Runkel's motion for summary judgment should be granted.

### III. CONCLUSION

It is respectfully recommended that the motion for summary judgment filed by Defendant Runkel [ECF No. 89] be granted.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date listed below to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 8, 2016

cc: The Honorable Mark R. Hornak
United States District Judge